### 10191

### FRANKS v. ROSS.

#### (99 S. E. 108.)

SALES—ACTIONS FOR PURCHASE PRICE—GOODS IN ORDER.—In a merchant's action against a landlord for fertilizer furnished the tenant on the landlord's order which covered only acid phosphate, unmixed, recovery could be had for the phosphate only, although the merchant had in good faith supplied a commercial mixture of meal and acid.

Before GARY, J., Laurens, Summer term, 1918. Modified and affirmed with directions.

Action by John A. Franks against W. G. Ross. Judgment for plaintiff, and defendant appeals.

The landlord's order referred to in the opinion is as follows:

"Mr. John A. Franks: Please arrange for Press Davenport to get enough acid prosphate to mix with cotton seed meal, which he can swap seed for, to make two or three tons of mixture, or as much less as he wishes, to go on our place he works. I will see it paid by note, which I will sign. Yours truly, W. G. Ross."

*Messrs. F. P. McGowan* and *F. G. Tompkins,* for appellant. *Mr. McGowan* submits: *When the terms of the written contract are clear and unequivocal, no deviation can be allowed, and no parol evidence is admissible to vary the terms of it:* 105 S. C. 120. *The principal is not responsible if the agent has not procured what he was authorized to buy within the limits within which he was authorized to act:* 31 Cyc. 1547; 60 Ill. Ap. 559.

*Mr. Tompkins* submits: *Surety not liable beyond the scope of his obligation:* Brandt on Suretyship and Guaranty, vol. I, sec. 139; The Law of Suretyship, Starnes, sec. 79. *Where authority is conferred in writing, the power is limited to the extent of the same:* 2 Corpus Juris, p. 570, note 55. *As to limited guaranty:* 93 N. Y. 273; 43 Am. Rep. 204; 82 Okla. 493; 98 Pac. 255; 19 L. R. A. (N. S.) 401; 8 Grat. (Va.) 174; 56 Am. Dec. 137.

*Messrs. Featherstone & Knight,* for respondent (no citations).

April 15, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

A merchant sued a landlord in a magistrate's Court for fertilizer supplied by the merchant to a tenant of the landlord on the written order of the landlord.

Let the order be reported.

The verdict in the magistrate's Court was for the full sum sued for, and the Circuit Court affirmed the judgment.

We are of the opinion that, at most, the merchant was entitled to recover only the acid which the merchant supplied, estimated to be worth $28.50. The appellant's counsel squints at so much in the brief.

It is true that the order was only for acid phosphate, with the suggestion in the order that the tenant might mix the acid with his own meal, and thus make his own mixture.

The tenant had no meal, and the merchant supplied, in good faith, a commercial mixture, one ingredient of which he alleges was the desired acid.

The landlord got the acid mixed, it is true, and the merchant alleges the tenant got also the other ingredients (meal) or its equivalent.

The landlord now pleads *non hæc in fœdera veni.* It is true the landlord has the right to stand on his contract and on the letter of it; but the letter includes acid which the land-

lord got; and we are minded, under the circumstances of the case, to so read the contract that, while the landlord gets his pound of flesh, he may yet draw "no jot of blood."

The judgment of the Circuit Court is modified, with directions to allow judgment for $28.50, the estimated value of the acid.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. JUSTICE WATTS did not sit.